**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| **KEVIN COOK and CABELL GOODMAN,** § § | |
| **PLAINTIFFS,** § § | **CIVIL ACTION NO. 3:24-cv-00656-MHL** |
| **VERSUS** § § | **DISTRICT JUDGE M. HANNAH LAUCK** |
| **ADVON CORPORATION,** § § | |
| **DEFENDANT.** § § | |

---

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

---

Defendant Advon Corporation, ("Defendant" or "Advon"), by counsel, hereby submit its Answer and Affirmative Defenses to Plaintiffs' Kevin Cooks' ("Cook") and Cabell Goodman's (Goodman's) (collectively, "Plaintiffs") First Amended Complaint ("Amended Complaint") (Doc. 27) as follows:

**DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

**INTRODUCTION**

1. Defendant acknowledges Plaintiffs have brought claims for purported unpaid compensation, liquidated damages, attorney's fees and costs, but denies Plaintiffs are entitled to such claims and damages and denies the remaining allegations and claims for relief contained in Paragraph 1 of the Amended Complaint.

2. Defendant admits that this matter after initial filing was removed to this Court. Defendant denies all remaining conclusions, allegations, implications and claims for relief contained in Paragraph 2 of the Amended Complaint.

## PARTIES

3. Defendant admits Plaintiffs are residents of Viriginia and that Advon is a Florida Corporation as stated in Paragraph 3 of the Amended Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Amended Complaint.

## FACTUAL ALLEGATIONS

5. Defendant admits that in the Spring of 2020, the VA awarded Advon a contract to expand the Women's Health/Primary Care Addition located at the Holmes McGuire Va Center in Richmond, Virginia ("Women's Project"). Defendant denies all remaining conclusions, allegations and implications contained in Paragraph 5 of the Amended Complaint as VA's Solicitation, Offer and Award is the best evidence of the contract awarded to Advon.

6. Defendant admits that in the Summer of 2021, the VA awarded Advon a contract to improve Patient Privacy 4A, at the Richmond VA Medical Center in Richmond, Virginia ("Area 4A Project"). Defendant denies all remaining conclusions, allegations and implications contained in Paragraph 6 of the Amended Complaint as VA's Solicitation, Offer and Award is the best evidence of the contract awarded to Advon.

7. Defendant admits that it hired Cook as Senior Project Manager for both the Women's Project and Area 4A Project. Further answering, Advon admits that on February 15, 2021, Advon provided Cook with a letter setting forth his compensation terms, benefits, and provided a confidentiality provision, which Cook signed on March 8, 2021. Defendant denies all remaining conclusions, allegations and implications contained in Paragraph 7 of the Amended Complaint as the February 15, 2021 letter is the best evidence regarding Cook's employment with Advon.

8. Defendant admits and further answers that Goodman was hired by Cook as Superintendent for only the Women's Project. Further answering, Advon admits that on March 19, 2021, Advon

provided Goodman with a letter setting forth his compensation terms, benefits, and provided a confidentiality provision, which Goodman signed on March 19, 2021. Defendant denies all remaining conclusions, allegations and implications contained in Paragraph 8 of the Amended Complaint as the March 19, 2021 letter is the best evidence regarding Goodman's employment with Advon.

9. Defendant denies the allegations of Paragraph 9 of the Amended Complaint.

10. Defendant denies the allegations of Paragraph 10 of the Amended Complaint.

11. Defendant denies the allegations of Paragraph 11 of the Amended Complaint.

12. Defendant denies the allegations of Paragraph 12 of the Amended Complaint.

13. Defendant denies the allegations of Paragraph 13 of the Amended Complaint.

14. Defendant denies the allegations of Paragraph 14 of the Amended Complaint.

## ADVON RETALIATES BY THREATENING PLAINTIFFS WITH UNFOUNDED LITIGATION

15. Defendant admits that through its counsel of record in the instant matter, on April 14, 2025, Advon sent Plaintiffs' counsel of record in the instant matter separate letters addressed to Cook and Goodman regarding Advon's Confidential, Proprietary, and Trade Secret Information and Plaintiffs' production of such information in discovery in this litigation. Defendant denies all remaining conclusions, allegations and implications contained in Paragraph 15 of the Amended Complaint as the April 14, 2025 letters are the best evidence of what the letters contained.

16. Defendant denies all allegations, conclusions, and implications contained in Paragraph 16.

17. Defendant denies all allegations, conclusions, and implications contained in Paragraph 17.

18. Defendant admits documents were produced to it by Plaintiffs in discovery. Defendant denies all other allegations, conclusions, and implications contained in Paragraph 18 of Amended Complaint for lack of sufficient information to justify a belief therein.

19. Paragraph 19 of the Amended Complaint contains legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies all allegations, conclusions, and implications contained in Paragraph 19 of the Amended Complaint.

20. Paragraph 20 of the Amended Complaint contains legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies all allegations, conclusions, and implications contained in Paragraph 20 of the Amended Complaint.

21. Defendant denies all allegations, conclusions, and implications contained in Paragraph 21 of the Amended Complaint.

22. Defendant denies all allegations, conclusions, and implications contained in Paragraph 22 of the Amended Complaint.

### COUNT I: BREACH OF CONTRACT (COOK)

23. Defendant incorporates its admissions and denials to Paragraphs 1-22 of the Amended Complaint.

24. Defendant denies all allegations, conclusions, and implications contained in Paragraph 24 of the Amended Complaint.

25. Defendant denies all allegations, conclusions, and implications contained in Paragraph 25 of the Amended Complaint.

26. Defendant denies all allegations, conclusions, implications and claims for relief contained in Paragraph 26 of the Amended Complaint.

### COUNT II: BREACH OF CONTRACT (GOODMAN)

27. Defendant incorporates its admissions and denials to Paragraphs 1-27 of the Amended Complaint.

28. Defendant denies all allegations, conclusions, and implications contained in Paragraph 28

of the Amended Complaint.

29. Defendant denies all allegations, conclusions, and implications contained in Paragraph 29 of the Amended Complaint.

30. Defendant denies all allegations, conclusions, implications and claims for relief contained in Paragraph 30 of the Amended Complaint.

## COUNT III: WAGE THEFT IN VIOLATION OF VA. CODE § 40.1-29

31. Defendant incorporates its admissions and denials to Paragraphs 1-30 of the Amended Complaint.

32. Paragraph 32 of the Amended Complaint contains a legal conclusion which does not require a response from Defendant. However, to the extent a response is required, Defendant admits the statute, Va. Code §60.2-229, provides such quoted language as indicated in Paragraph 32 of the Amended Complaint. Defendant denies all remaining allegations, conclusions, and implications contained in Paragraph 32 of the Amended Complaint.

33. Paragraph 33 of the Amended Complaint contains a legal conclusion which does not require a response from Defendant. However, to the extent a response is required, Defendant denies all allegations, conclusions, and implications contained in Paragraph 33 of the Amended Complaint.

34. Defendant denies all allegations, conclusions, and implications contained in Paragraph 34 of the Amended Complaint.

35. Defendant denies all allegations, conclusions, and implications contained in the first two sentences in Paragraph 35 of the Amended Complaint as written. The third and final sentence of Paragraph 35 contains a legal conclusion which does not require a response from Defendant. However, to the extent a response is required, Defendant denies all allegations, conclusions, and implications contained in the third and final sentence of Paragraph 35 of the Amended Complaint

4909-5417-2747, v. 1

36. Paragraph 36 of the Amended Complaint contains a legal conclusion which does not require a response from Defendant. However, Defendant denies all allegations, conclusions, and implications contained in Paragraph 36 of the Amended Complaint as written.

37. Defendant denies all allegations, conclusions, implications and claims for relief contained in Paragraph 37 of the Amended Complaint.

38. Defendant denies all allegations, conclusions, implications and claims for relief contained in Paragraph 38 of the Amended Complaint as written.

39. Defendant denies all allegations, conclusions, implications and claims for relief contained in Paragraph 39 of the Amended Complaint.

40. Defendant denies all allegations, conclusions, implications and claims for relief contained in Paragraph 40 of the Amended Complaint.

## COUNT III: RETALIATION IN VIOLATION OF VA. CODE § 40.1-27.3

41. Defendant incorporates its admissions and denials to Paragraphs 1-40 of the Amended Complaint.

42. Paragraph 42 of the Amended Complaint contains a legal conclusion which does not require a response from Defendant. However, Defendant denies all allegations, conclusions, and implications contained in Paragraph 42 of the Amended Complaint as written.

43. Paragraph 43 of the Amended Complaint contains a legal conclusion which does not require a response from Defendant. However, Defendant denies all allegations, conclusions, and implications contained in Paragraph 43 of the Amended Complaint as written.

44. Defendant admits Plaintiffs originally filed suit in the Circuit Court for the City of Richmond. See Doc. 1-1. Defendant denies all remaining allegations, conclusions, and implications contained in Paragraph 44 of the Amended Complaint.

4909-5417-2747, v. 1

45.     Defendant denies all allegations, conclusions, and implications contained in Paragraph 45 of the Amended Complaint.

46.     Defendant denies all allegations, conclusions, implications and claims for relief contained in Paragraph 46 of the Amended Complaint.

**COUNT IV: RETALIATION IN VIOLATION OF VA. CODE § 40.1-33.2**

47.     Defendant incorporates its admissions and denials to Paragraphs 1-46 of the Amended Complaint.

48.     Defendant denies all allegations, conclusions, implications and claims for relief in the first and second sentences of Paragraph 48 of the Amended Complaint contains a legal conclusion which does not require a response from Defendant. Sentence three of Paragraph 46 of the Amended Complaint contains legal conclusions which do not require a response from Defendant. However, to the extent a response is required, Defendant denies all allegations, conclusions, and implications contained in sentence three of Paragraph 46 of the Amended Complaint. Defendant denies all remaining allegations, conclusions, and implications contained in Paragraph 48 of the Amended Complaint.

49.     Paragraph 49 of the Amended Complaint contains a legal conclusion which does not require a response from Defendant. However, Defendant denies all allegations, conclusions, and implications and requests for relief contained in Paragraph 49 of the Amended Complaint.

50.     Paragraph 50 of the Amended Complaint contains a legal conclusion which does not require a response from Defendant. However, Defendant denies all allegations, conclusions, and implications and requests for relief contained in Paragraph 50 of the Amended Complaint.

51.     Defendant denies all allegations, conclusions, and implications contained in sentences one through three of Paragraph 45 of the Amended Complaint. Defendant further denies all allegations,

conclusions, and implications contained in sentences two through three of Paragraph 51 of the Amended Complaint as the April 14, 2025 letters are the best evidence of what the letters contained Defendant denies all allegations, conclusions, and implications and claims for relief contained in the fourth and final sentence of Paragraph 51 of the Amended Complaint.

52.     Paragraph 52 of the Amended Complaint contains a legal conclusion which does not require a response from Defendant.  Defendant admits to the jurisdiction of this Court for the claims of unpaid bonus asserted by Plaintiffs. However, Defendant denies all remaining allegations, conclusions, and implications contained in Paragraph 52 of the Amended Complaint.

53.     Paragraph 53 of the Amended Complaint contains a legal conclusion which does not require a response from Defendant. However, Defendant denies all allegations, conclusions, and implications and requests for relief contained in Paragraph 53 of the Amended Complaint.

54.     Defendant denies the allegations, conclusions, implications, claims for relief, and requests for damages contained in the paragraph that starts "WHEREFORE" and Paragraphs A-I .

Now further responding to Plaintiffs' First Amended Complaint Defendant asserts the following affirmative or other defenses:

## AFFIRMATIVE OR OTHER DEFENSES

Defendant asserts the following affirmative and other defenses to Plaintiffs' First Amended Complaint:

1.      Plaintiffs have failed to state a claim as a matter of law and have otherwise failed to allege facts, in whole or in part, upon which relief may be granted, ==which include but are not limited to that Plaintiffs were employed at-will, Plaintiffs did not have a contract of employment with Defendant, Plaintiffs are not due and owed any wages, bonuses, or other compensation, and there existed a bona fide dispute between the Plaintiffs and Defendants for any alleged wages, bonuses==

or other compensation. Further the Amended Complaint fails to state a claim against Defendant as a matter of law for alleged violations of Va. Code § 40.1-33.2 and for Declaratory Judgment. Contemporaneously herewith, Advon has filed a Partial Motion to Dismiss and incorporates the arguments regarding failure to state claim for alleged violations of Va. Code § 40.1-33.2 and for Declaratory Judgment therein as if fully set forth herein.

2.     Plaintiffs' claims are barred by the equitable doctrines of laches, estoppel, and/or waiver.

3.     All or part of Plaintiffs' claims are barred by the doctrine of unclean hands and/or because of Plaintiffs' improper conduct and actions or inactions, which include but are not limited to delays in construction and project completion by the Plaintiffs' own actions and inactions and increased costs incurred by Defendant to complete the projects past Plaintiffs' separation dates.

4.     All or part of Plaintiffs' claims for unpaid compensation are barred because there exists a bona fide dispute and Plaintiffs are not due and owed the alleged unpaid compensation.

5.     To the extent Plaintiffs seek compensatory, liquidated damages, treble damages, or punitive damages, their claims are barred because Advon did not engage in any conduct which would rise to the level required to sustain an award of compensatory, liquidated, treble and/or punitive damages.

6.     At all relevant times, Defendant acted in accordance with a good faith belief that its actions complied with all statutes, laws regulations alleged in the First Amended Complaint to have been violated. Defendant never willfully and/or knowingly violated any statute, law, or regulation at issue in this case.

   Defendant reserves the right to amend this first amended answer by adding defenses, exceptions, counterclaims, cross claims, by instituting third party demands as the claims of Plaintiffs are more fully disclosed during the course of this litigation.

4909-5417-2747, v. 1

WHEREFORE, Defendant Advon Corporation, having fulling answered, now moves this Court to dismiss Plaintiffs' claims and award judgment to Defendants along with attorney's fees, costs, and such other relief as the Court may deem proper.

Respectfully submitted this 10th day of June 2025.

                                                                           */s/ Elizabeth Bailly Bloch*
                                                                           ELIZABETH BAILLY BLOCH
Virginia State Bar No. 99695
ERIC R. MILLER (LA Bar No. 21359)
*Admitted Pro Hac Vice*
THE KULLMAN FIRM APLC
4605 Bluebonnet Boulevard, Suite A
Baton Rouge, Louisiana 70809
Telephone: (225) 906-4247
Facsimile: (225) 906-4230
Email: EBB@kullmanlaw.com

ALEXANDER C. LANDIN
Virginia State Bar No. 99200
THE KULLMAN FIRM APLC
1100 Poydras Street, Ste. 1600
New Orleans, Louisiana 70163
Telephone: (504) 524-4160
Facsimile: (504) 596-4189
Email: ACL@kullmanlaw.com

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 10th day of June 2025, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and a copy is being provided via electronic mail as well.

                                           */s/ Elizabeth Bailly Bloch*
                                           ELIZABETH BAILLY BLOCH

4909-5417-2747, v. 1