## UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **KEVIN COOK and CABELL GOODMAN,** | § | **CIVIL ACTION NO. 3:24-cv-00656-MHL** |
| **PLAINTIFFS,** | § | |
| | § | |
| **VERSUS** | § | **DISTRICT JUDGE M. HANNAH LAUCK** |
| | § | |
| **ADVON CORPORATION,** | § | |
| **DEFENDANT.** | § | |

---

### DEFENDANT'S MEMORANDUM IN SUPPORT OF
### MOTION CONTINUE JUNE 25, 2025 SETTLEMENT CONFERENCE

---

Defendant, Advon, Corporation ("Defendant" or "Advon"), hereby submits this Memorandum in Support of its Motion to Continue the June 25, 2025 Settlement Conference. (Doc. 30.) For the reasons stated herein, Advon respectfully requests that this Court: a) continue the June 25, 2025 Settlement Conference, and b) postpone any additional settlement conference (i) until after the Court rules on Advon's Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and (ii) until this matter is in the appropriate stage for settlement discussions. (Doc. 30.)

### RELEVANT PROCEDURAL HISTORY

On August 5, 2024, Plaintiffs filed suit in the Circuit Court for the City of Richmond, captioned as *Kevin Cook and Cabell Goodman v. Advon Corporation, a Florida corporation*, Case No. CL24-3423, claiming breach of contract and violation of the Commonwealth's wage statute arising out of alleged bonuses due on two public contracts. (Doc. 1-1.) On September 16, 2024, Advon removed this matter based on diversity jurisdiction. (Doc. 1.) Following an initial Pretrial Conference held on November 21, 2024, the Court issued an Initial Pretrial Order setting the following pertinent pretrial deadlines and trial date a) July 10, 2025-Discovery Deadline; b) July

18, 2025- Dispositive Motion Deadline; c) August 22, 2025- Pretrial Conference; and d) September 18-19, 2025- Jury Trial. Additionally, the Court issued an Order referring settlement conference and proceedings to Magistrate Judge Mark R. Colombell to occur at least thirty (30) days prior to the start of trial and ordering counsel to contact the magistrate to set the conference within five (5) days of issuance of this Order. (Doc. 15.) Following the Initial Pretrial Conference, counsel met with the magistrate judge and set an initial in-person settlement conference for January 28, 2025. (Doc. 16.)

On January, 28, 2025, the settlement conference was held with the magistrate, but no resolution resulted. Prior to and subsequent to this conference, the parties propounded written discovery on each other. On February 12, 2025, Plaintiffs supplemented their discovery responses and produced information which Advon avers is kept as confidential and proprietary information of Advon's of which Plaintiffs' have no right to possess. Therefore, on April 14, 2025, Advon's counsel sent Plaintiffs' counsel letters requesting return of all of Advon's property, preservation of any of Advon's confidential information, requests that Plaintiffs refrain from further disclosing Advon's information, and requesting a response from Plaintiffs' that they have none of Advon's proprietary information. However, Plaintiffs did not respond to these letters, and instead on April 18, 2025, filed a motion for leave to amend their Complaint to assert retaliation claims against Advon under Va. Code § 40.1-27.3 and § 40.1-33.1. (Doc. 24.) On May 19 and 20, 2025, Advon's corporate deposition was taken and both Plaintiffs' depositions were taken. Yet, hours into Mr. Cook's deposition on May 20, 2025, the Court granted Plaintiff's motion for leave, ordering Plaintiffs to file into the record their First Amended Complaint ("FAC") by May 27, 2025. (Doc. 26.)

2

Plaintiffs filed their FAC on May 27, 2025. (Doc. 27.) Advon responded on June 10, 2025, filing a Partial Motion to Dismiss the retaliation claim asserted under Va. Code § 40.1-33.1 for failure to state a claim as this statute provides for no private right of action. Advon also moved to have Plaintiffs' request for Declaratory Judgment under this statute dismissed for the same reasons. (Docs. 32 & 33.)

Additionally, before the depositions of the parties were taken and the Plaintiffs amended their Complaint, on March 13, 2025, the magistrate held a status conference and at the availability of the parties and their counsel, set a second settlement conference for June 10, 2025. However, because Plaintiffs amended their Complaint asserting new causes of action, Advon requested a continuance of that settlement conference mainly because Advon had not yet answered the new operative complaint—the FAC. (Docs. 28 & 29.) Prompted by Advon's motion to continue the June 10, 2025 settlement conference, on May 29, 2025, a status conference was held with the magistrate. The parties advised the Court there were still ongoing discovery matters including possibility of redeposing the parties, additional written discovery to propound, and that Advon may file 12(b)(6) motions, which Advon did. Therefore, the magistrate, denied the motion to continue the June 10 settlement conference as moot and based on the known availability of the counsel and their clients at that time, reset the settlement conference for June 25, 2025.

Unfortunately, Advon's representative have a pre-existing work-related conflict with the June 25 date, which includes prepaid travel, exhibitor fees and planned meetings, and are unavailable .

There are also outstanding discovery disputes that need to be resolved in this matter. The parties have held Rule 37 conferences regarding inadequate production and responses by Advon concerning Advon's email production and Plaintiffs' assertion of privilege regarding a second

production of documents. Additionally, Plaintiffs have noticed the depositions of two other Advon employees to take place in Richmond, Virginia and less than a month before the summary judgment deadline. Advon intends to seek a protective order to have the newly noticed depositions occur in Florida or remotely; Advon will provide additional email responses (if necessary), and Advon will seek to institute Judge Lauck's discovery dispute procedures as to the issue of privilege.

On June 12, 2025, the Court *sua sponte*, issued an order continuing the final pretrial conference, jury selection and trial of the matter, noting because Plaintiffs had filed a FAC and Defendants responded with a partial motion to dismiss it would be best to continue these deadlines until resolution of the partial motion to dismiss. (Doc. 35.)

Based on the foregoing, Advon, again, moves to continue the June 25, 2025 settlement conference because this is not the appropriate stage for such a conference.

## LAW & ARGUMENT

Pursuant to Fed. R. Civ. P. 6 provides that for good cause shown, the Court may in its discretion extend the time for an act to be done. Fed. R. Civ. P. 6(b)(1)(A). Moreover, under Fed. R. Civ. P. 16, a schedule set by the court may be modified for good cause and with the judge's consent. Fed. R. Civ. 16(b)(4). In the Fourth Circuit, good cause for modifying a scheduling order or order of the court requires that a party show the deadlines cannot be reasonably met despite the party's diligence. *See Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (per curiam). And while 28 U.S.C. § 651, § 652, and Local Civil Rule 83.6 provide this Court with authority to conduct settlement or alternative dispute resolution, it must occur at an appropriate stage and with the parties' consent. And while the Court has not vacated all deadlines in the Pretrial Conference Order, the provision providing that a settlement conference must occur thirty (30) days before trial

appears to be moot. (Doc. 15.) As stated more fully below, good cause exists to continue the June 25, 2025 settlement conference.

I.    **Advon Will Not Have A Representative Physical Present With Full Authority Ot Settle This Action On June 25, 2025.**

The June 25, 2025 Settlement Conference Order provides in pertinent part, "**each party must have a representative physically present with full authority to settle this action.**" (Doc. 30, p. 1)(emphasis in original.) The Order further instructs "**[t]he failure of a party to have a representative physically present with full authority to settle the case may result in the imposition of sanctions upon that party.**" (Doc. 30, p. 2)(emphasis in original.)

Advon's representative with full authority to settle is unavailable on June 25, 2025. Additionally, no other representative with full authority to settle would be available on that date. This is not a situation where Advon is contumacious. Indeed, as soon as Advon discovered the conflict with the June 25 date, it immediately took steps to remedy the situation. Additionally, Advon provided an alternative solutions. Further, the matter should be continued until the partial motion to dismiss is resolved per the Court's June 12, 2025 Order.

II.    **Advon Does Not Consent To The June 25, 2025 Settlement Conference And The Undersigned Has No Authority To Settle This Matter.**

"Attorneys have implied authority to conduct litigation and negotiate its resolution." *See Patel v. Barot*, 15 F. Supp. 3d 648, 654 (E.D. Va. 2014) (citing *Auvil v. Grafton Homes, Inc.*, 92 F.3d 226, 229–30 (4th Cir.1996)). "However, substantive decisions, such as the authority to settle, 'are not by implication ones that the attorney is authorized to make.'" *Id.* (citing *Auvil*, 92 F.3d 230; *Snyder-Falkinham v. Stockburger,* 249 Va. 376, 381, 457 S.E.2d 36, 39 (1995) ("An attorney at law, merely by virtue of being retained by the client, has no authority to compromise the client's claim without the latter's consent.")).

Due to Advon's representative's unavailability for the June 25, 2025 settlement conference, Advon does not consent to a settlement conference on June 25. And while the undersigned may have "the authority to negotiate, [that] however, is far different from the authority to agree to a specific settlement." *Auvil*, 92 F.3d at 230. Thus, despite the undersigned availability for the June 25, 2025 settlement conference no authority exists to settle this matter.

Finally, because this matter no longer is set for trial, there is a partial motion to dismiss that will decide threshold issues, responses to written discovery remain outstanding, Plaintiffs' desire to take to additional depositions, and Advon's intent to file a protective order regarding those depositions, this matter is not ripe for settlement discussions. *Hachem v. Aboushakra*, No. 1:24-CV-01219-MSN-LRV, 2025 WL 791548, at *2 (E.D. Va. Mar. 12, 2025) (the court granted the plaintiff/counterclaim defendant's motion to modify settlement conference order because the defendant had not responded fully to discovery and because the plaintiff/counterclaim defendant had a prescheduled business travel.) Accordingly, Advon requests that the June 25, 2025 Settlement Conference be continued without date.

**WHEREFORE**, Defendant, Advon Corporation prays that its motion be granted and the June 25, 2025 Settlement Conference be continued without date.

Respectfully submitted on this the <u>16th</u> day of June, 2025

<div style="margin-left:40%">

*By: /s/ Elizabeth Bailly Bloch*
ELIZABETH BAILLY BLOCH (VSB No. 99695)
ERIC R. MILLER, T.A., (LA Bar No. 21359), *admitted pro hac vice*
The Kullman Firm
A Professional Law Corporation
4605 Bluebonnet Boulevard, Suite A
Baton Rouge, Louisiana 70809
Telephone: (225) 906-4250
Facsimile: (225) 906-4230
E-mail:  ebb@kullmanlaw.com
           em@kullmanlaw.com

</div>

AND

ALEXANDER C. LANDIN
VIRGINIA STATE BAR NO. 99200
THE KULLMAN FIRM APLC
1100 Poydras Street, Ste. 1600
New Orleans, Louisiana  70163
Telephone: (504) 524-4160
Facsimile: (504) 596-4189
Email: ACL@kullmanlaw.com

ATTORNEYS FOR DEFENDANT
Advon Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June 2025, a copy of the foregoing was filed with

the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of

record by operation of the court's electronic filing system.

*/s/Elizabeth Bailly Bloch*
ELIZABETH BAILLY BLOCH