UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KEVIN COOK, )<br>)<br>and )<br>)<br>CABELL GOODMAN, )<br>)<br>    *Plaintiffs*, )<br>)<br>v. )<br>)<br>ADVON CORPORATION, a Florida )<br>corporation, )<br>)<br>    *Defendant*. ) | Civil Action No. 3:24-cv-656 |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT V OF THE AMENDED COMPLAINT**

Plaintiffs Kevin Cook and Cabell Goodman, by counsel, pursuant to Local Rule 7(f)(1), offer the following Memorandum in Opposition to the Motion of Defendant, Advon Corporation, to Dismiss Count V of the Amended Complaint.

In Count V of the Amended Complaint, Plaintiffs seek a declaratory judgment that Defendant's threats of litigation are unlawful under Virginia Code § 40.1-33.2 (A), which provides, "[a]n employer shall not discharge or in any other manner discriminate against an employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under § 40.1-29, or has testified or is about to testify in any such proceeding." Virginia Code § 40.1-33.2 (B) provides an aggrieved party with "appropriate remedies" for the retaliation prohibited by subpart (A), including "reinstatement of the employee and recovering lost wages and an additional amount equal to the lost wages as liquidated damages."

1

To be clear, however, Plaintiffs' Count V does not present a claim for damages or other relief under Va. Code § 40.1-33.2. Count V seeks only a declaratory judgment that the Defendant's threatened litigation is retaliatory and violates the statute.

<u>FACTUAL ALLEGATIONS OF THE AMENDED COMPLAINT</u>

On August 5, 2024, Plaintiffs filed this lawsuit in Richmond Circuit Court, alleging that the Defendant had failed to pay them wages in violation of Virginia Code § 40.1-29. Defendant removed the matter to this Court on September 16, 2024. During discovery, on or about February 10, 2025, Plaintiffs produced spreadsheets that showed percentages of project completion by date, a letter from Advon to the Veterans Administration requesting that the Veterans Administration accept the Women's Clinic Project for partial occupancy, and a letter from the Veterans Administration and accompanying form showing final payment for the Women's Clinic Project.[1] Two months after Advon received these discovery responses, Advon, by counsel, sent Cease and Desist letters to each Plaintiff.

Each of the Cease and Desist letters begins, "Our law firm has been retained to represent ADVON Corporation ('Advon') to provide legal notices and/or pursue claims against [Plaintiff], if necessary, related to any unauthorized access, possession, retention and/or disclosure of Advon's confidential information and to ensure the return of all information, equipment, and property of Advon." (ECF No.

---

[1] Plaintiffs had also requested in discovery from Advon categories of documents that would have included the documents produced by Plaintiffs. Despite repeated requests, and despite multiple promises by Advon to supplement its discovery responses, Advon has failed to produce its copies of these documents.

27 ¶ 51). After presenting a list of demands, each "Cease and Desist" letter closes with the statement, "Advon is further weighing moving forward with serious legal measures and to pursue the maximum remedies allowed by law against [Plaintiff]." *Id*.

The Cease and Desist letters that gave rise to the Plaintiffs' retaliation claims were sent on April 14, 2025, and threatened imminent litigation.[2] (ECF No. 27, ¶ 15). Plaintiffs' Motion for Leave to Amend was filed four days later, on April 18, 2025. In the interim, as alleged in the proposed First Amended Complaint, Plaintiffs sought to have Advon retract the threats of litigation but Advon did not respond. *Id*.

Plaintiffs contend that whether Advon's threats of litigation are unlawful retaliation under Va. Code § 40.1-33.2 (A) is properly the subject of a declaratory judgment action. Advon contends the opposite and has made a motion to dismiss Count V of the Amended Complaint.

STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint but it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Because a motion to dismiss tests the sufficiency of a complaint without resolving factual disputes, a district court "'must accept as true all of the factual

---

[2] A threat of litigation is sufficient to create a justiciable controversy for purposes of declaratory judgment. *Granados v. Bank of Am., N.A.*, 2015 U.S. Dist. LEXIS 109777, at *7 (E.D. Va. Aug. 19, 2015); *Kettler Intl, Inc. v. Starbucks Corp.*, 55 F. Supp. 3d 839, 847 (E.D. Va. 2014) (threat of litigation is sufficient to establish actual controversy).

3

allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012), quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

> **1. Virginia Code § 40.1-33.2 does not provide the exclusive remedy for retaliation for engaging in protected conduct under Code § 40.1-29.**

In Virginia, well-settled principles of statutory construction hold that "where a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive *unless the statute says otherwise.*" *School Board v. Giannoutsos*, 238 Va. 144, 147, 380 S.E.2d 647 (1989) (emphasis added), citing *Transamerica Mortg. Advisors v. Lewis*, 444 U.S. 11, 19 (1979) ("where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it"). This rule is balanced by another canon of judicial construction. In determining whether a private remedy is implicit in a statute that does not expressly rule out other remedies, the reviewing Court must take into consideration several factors, including whether there is any indication of legislative intent to create or deny such a remedy, whether the plaintiff is one of the class for whose benefit the statute was enacted, and whether it is consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff. *Cort v. Ash*, 422 U.S. 66, 78 (1975). The legislative intent "'may appear implicitly in the language or structure of the statute.'" *Thompson v. Thompson*, 484 U.S. 174, 179 (1988), quoting *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. at 18.

There are no cases interpreting the meaning of Code § 40.1-33.2, but the

language of the statute, the status of these Plaintiffs, and the legislative context of its enactment all support an interpretation that includes an alternative implied right of action.

First, the remedial part of Virginia Code § 40.1-33.2 – subpart (B) –begins, "[a]ny employee who is discharged or in any other manner discriminated against in a manner prohibited by this section ***may*** file a complaint with the Commissioner... ." (emphasis added). This Code section was enacted in 2020. Acts 2020, cc. 950, 951. Since well before 2020, the Virginia Supreme Court has been adamant that the word "may" in a statute is "*prima facie* permissive, importing discretion." *Bd. of Supervisors v. State Corp. Comm'n*, 292 Va. 444, 454, 790 S.E.2d 460, 465 (2016) (citing cases). By 2020, the Virginia Supreme Court had emphatically stated, "[w]e are not tempted to repurpose 'may' as a polite form of 'shall.'" *Wal-Mart Stores E., LP v. State Corp. Comm'n*, 299 Va. 57, 70, 844 S.E.2d 676, 682 (2020).

In reading Va. Code § 40.1-33.2 (B), this Court should presume that the Virginia General Assembly was aware when it enacted the law that "may" means "has the option to" and does not mean "must." The Court should also presume that the Geneal Assembly chose this "optional" language deliberately, instead of more "mandatory" language. *Id*. ("we continue to presume that the legislature chose, with care, the specific words of the statute … .") (cleaned up). On its face, then, Va. Code § 40.1-33.2 (B) does not provide that a plaintiff may *only* bring an action for retaliation through the Commissioner. That avenue is available, but is not expressly, or even implicitly, the exclusive means of seeking redress for retaliation.

Second, both Plaintiffs are in the class of persons for whose benefit the statute was enacted. These Plaintiffs brought suit against their employer for violations of Code § 40.1-29 and have since been threatened with meritless litigation because of that lawsuit. Code § 40.1-33.2 declares that such conduct is unlawful, and against the public policy of Virginia, and that Plaintiffs are in the class of persons expressly protected by subpart (A) of Code § 40.1-33.2. Moreover, the remedies afforded in subpart (B) of that section are personal to the Plaintiffs, in that these remedies are not civil or criminal penalties payable to the state, and are intended to make the Plaintiffs whole rather than punish unlawful employer conduct.[3] The rights vindicated by the statute are the Plaintiffs' rights, not the rights of the Commonwealth of Virginia. That the Plaintiffs are in the class of persons for whose benefit the statute was enacted tends to show the existence of an alternative remedy. *Cort v. Ash*, 422 U.S. at 78.

Third, reading the statute's remedial provision as non-exclusive is consistent with the underlying purposes of the 2020 amendments of the Wage Payment Act.

---

[3] By comparison, other provisions of the Wage Payment Act grant authority to the Commissioner of Labor and Industry to punish employers with civil penalties and to enter orders, enforceable as judgments, in order to permit collection of such civil penalties. *See* Va. Code § 40.1-29 (H) ("Any employer who knowingly fails to make payment of wages in accordance with subsection A … shall be subject to a civil penalty not to exceed $1,000 for each violation."); Va. Code § 40.1-29 (F) ("following the issuance of a final order by the Commissioner …, the Commissioner may engage private counsel … to collect any moneys owed to … the Commonwealth. Upon entry of a final order of the Commissioner …, the Commissioner … shall assess attorney's fees of one-third of the amount set forth in the final order … ."); *see also* Va. Code § 40.1-33.1 (D) ("Any employer who discharges, disciplines, threatens, discriminates against, or penalizes an employee in a manner prohibited by this section shall be subject to a civil penalty not to exceed the amount of the employee's wages that are lost as a result of the violation. Civil penalties under this section shall be assessed by the Commissioner and paid to the Literary Fund.") Section 40.1-33.2 (B) does not provide for civil penalties.

Until the 2020 amendments, in fact since the early 1950s, the sole authority to pursue unpaid wage claims had been vested in the Commission of Labor and Industry.[4] Prior to the 2020 amendments, there was no anti-retaliation provision connected to an employee's reporting of a violation or the Commissioner's enforcement powers. Virginia Courts had held that the Wage Payment Act was a "regulatory not a remedial statute, adopted under the police power of the state to protect the public against fraud and imposition." *Mar v. Malveaux*, 60 Va. App. 759, 771, 732 S.E.2d 733, 738 (2012) (cleaned up). The sweeping amendments to the Wage Payment Act granted employees a cause of action for unpaid wages, as well as other rights, in addition to the existing actions based on breach of express or implied contracts.

These same Virginia Courts have since held that such amendments transformed the Wage Payment Act from a regulatory statute to a remedial one. *Campbell v. Groundworks Operations, LLC*, 82 Va. App. 580, 588, 908 S.E.2d 136, 140 (2024) ("[T]hat amendment superseded the analysis in *Mar* [*Mar v. Malveaux,* 60 Va. App. at 770-71, 732 S.E.2d at 738] and transformed the Act into a remedial one.") It would be contrary to this legislative purpose to limit the retaliation provision to actions brought only by the Commissioner. This unity of legislative purpose supports a finding that subpart (B) permits an alternative right of action. *Cort v. Ash*, 422 U.S. at 78.

The Court should therefore interpret Va. Code § 40.1-33.2 as providing an

---

[4] *See Makarov v. Commonwealth*, 217 Va. 381, 382 n.1, 228 S.E.2d 573, 573 (1976) (discussing statutory history).

7

alterative right of action to the Plaintiffs, and deny the Defendant's motion to dismiss Count V.

### 2. Virginia Code § 40.1-33.2 (B) provides Plaintiffs with a judicially remediable right.

The Declaratory Judgment Act provides that this Court, in a case of actual controversy, "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or *could be* sought." 28 U.S.C. § 2201 (a) (emphasis added). The Defendant argues that relief under the Declaratory Judgment Act is unavailable unless the Plaintiffs can show a private right of action under Va. Code § 40.1-33.2(B). This argument oversimplifies the applicable law.

As the Supreme Court has explained, "the Declaratory Judgment Act is not an independent source of federal jurisdiction; the availability of such relief presupposes the existence of a *judicially remediable right*." *Schilling v. Rogers*, 363 U.S. 666, 677, (1960) (emphasis added). A private right of action is not the only form of a judicially remediable right cognizable under the Declaratory Judgment Act. *Menominee Indian Tribe of Wis. v. DEA*, 190 F. Supp. 3d 843, 849 (E.D. Wis. 2016) quoting *Schilling v. Rogers*, 363 U.S. at 677 ("an action for declaratory relief, like any action, requires 'a judicially remediable right,' … not a private right of action.") The express language of the Declaratory Judgment Act makes clear that declaratory relief may be granted "whether or not further relief is or could be sought," 28 U.S.C. § 2201; in other words, whether or not there is a private right of action. *Id*.

The rights asserted by the Plaintiffs under Va. Code § 40.1-33.2 have a judicial

8

remedy. The statute provides for relief to a prevailing employee in the form of "reinstatement" and "recovering lost wages and an additional amount equal to the lost wages as liquidated damages." Va. Code § 40.1-33.2 (B).

In Virginia, "a right of action is a remedial right to presently enforce an existing cause of action." *Thorsen v. Richmond SPCA*, 292 Va. 257, 278, 786 S.E.2d 453, 465 (2016) (cleaned up). Here, Plaintiffs' cause of action arose under Code § 40.1-33.2 (A) when Defendant retaliated against Plaintiffs because they had filed a complaint under Code § 40.1-29. Plaintiffs' remedial right to enforce that cause of action exists under subpart (B), which expressly permits Plaintiffs to file a complaint with the Commissioner, who will seek a judicial remedy on their behalf, or which implicitly permits Plaintiffs to file their own lawsuits. In either case, the Plaintiffs have a judicially remediable right sufficient to support a declaratory judgment action.

The cases cited by Defendant do not change this outcome. In *CGM, LLC v. BellSouth Telcoms., Inc.*, 664 F.3d 46, 56 (4th Cir. 2011), the Fourth Circuit concluded that the plaintiff lacked statutory standing and, therefore, had no judicially remediable right that could be asserted under the Declaratory Judgment Act. In *Henderson v. Wal-Mart Stores, Inc.*, No. 21-2417, 2023 WL 166411, 2023 U.S. App. LEXIS 741, at *12 (4th Cir. Jan. 12, 2023) (unpublished), the Court held that the Virginia Shopkeepers' Privilege Act protected merchants within certain limits but did not create a new right of action if merchants exceeded those limits. In that case the plaintiff had no judicially remediable right. In *Campbell ex rel. Equity Units Holders v. Am. Int'l Grp., Inc.*, 86 F. Supp. 3d 464 (E.D. Va. 2015), the Court held that the

9

plaintiff lacked standing to bring the action and noted that the plaintiff had failed to allege "*any* statutory provision explicitly authorizing her claim." *Id*. at 471 (emphasis added). None of these cases stand for the proposition that a private right of action is essential to a Declaratory Judgment Act claim, but all of them are consistent with the idea that such a claim must be based on a judicially remediable right.

## Conclusion

For the reasons stated above, the Court should find that Virginia Code § 40.1-33.2 provides the Plaintiffs with a judicially remediable right sufficient to support their claims under the Declaratory Judgment Act. Accordingly, the Court should deny the Defendant's Motion to Dismiss Count V and grant Plaintiffs all other relief that may be appropriate.

**KEVIN COOK**

**CABELL GOODMAN**

**By Counsel**

　/s/ Blackwell N. Shelley, Jr.　
Blackwell N. Shelley, Jr. (VSB #28142)
Tim Schulte (VSB #41881)
Lila S. Shelley (VSB #100026)
Shelley Cupp Schulte, P.C.
3 West Cary Street
Richmond, Virginia 23220
(804) 644-9700
(804) 278-9634 [fax]
shelley@scs-work.com
schulte@scs-work.com
lshelley@scs-work.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June, 2025, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

    Elizabeth Bailly Bloch, Esquire
    THE KULLMAN FIRM APLC
    4605 Bluebonnet Boulevard, Suite A
    Baton Rouge, Louisiana 70809
    EBB@kullmanlaw.com

    Eric R. Miller, Esquire
    THE KULLMAN FIRM
    4605 Bluebonnet Blvd., Suite A
    Baton Rouge, Louisiana 70809
    EM@kullmanlaw.com

    *Counsel for Defendant*

                                     */s/ Blackwell N. Shelley, Jr.*
                                     Blackwell N. Shelley, Jr. (VSB # 28142)
                                     Shelley Cupp Schulte, P.C.
                                     3 W. Cary Street
                                     Richmond, VA  23220
                                     (804) 644-9700
                                     (804) 278-9634 [fax]
                                     shelley@scs.law
                                     *Counsel for Plaintiff*