IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KEVIN COOK,**

and

**CABELL GOODMAN**

**Plaintiffs,**

v.     Civil Action No. 3:24-cv-00656

**ADVON CORPORATION,**

**Defendant.**

## MEMORANDUM ORDER

This matter comes before the Court on Defendant Advon Corporation's ("Advon") Motion for Protective Order to Hold Depositions of Defendant's Employees in Florida, or, Alternatively, By Remote Means (the "Motion"). (ECF No. 42.) Advon "moves the Court to order the depositions of two of Advon's employees, William 'Bill' Graham, President of Advon, and Debbie Caruthers, Controller of Advon, to be held at Advon's headquarters in Tallahassee, Florida, or, alternatively, by remote means pursuant to Federal Rule of Civil Procedure 30(b)(4)." (ECF No. 42, at 1.) For the reasons discussed below, the Court will grant the Motion. (ECF No. 42.)

### I.  Procedural and Factual Background

On August 5, 2024, Plaintiffs initiated this action against Advon, a Florida corporation, in the Circuit Court for the City of Richmond. (ECF No. 1, at 1–2.) On September 16, 2024,

Advon removed this action to this Court, invoking diversity jurisdiction and supplemental jurisdiction.[1]  (ECF No. 1, at 1–2.)

On June 10, 2025, Plaintiffs "issued the notices of the depositions of Ms. Caruthers and Mr. Graham for June 30, 2025 starting at 10:00 a.m. and 2:00p.m., respectively, in person, at Plaintiffs' counsel's office in Richmond, Virginia."  (ECF No. 43, at 2–3.)

Mr. Graham is "68 years old."  (ECF No. 42-4 ("Decl. of William Graham") ¶ 3.)  This past January, he "fell and suffered an injury which caused [him] to be hospitalized for thirty-one (31) days."  (ECF No. 42-4 ¶ 6.)  He declares under penalty of perjury that "[d]ue to [his] age and this recent injury[,] [his] ability to travel long distances and by airplane is limited."  (ECF No. 42-4 ¶ 7.)  Furthermore, he declares that he has "never travelled to Richmond, Viriginia for personal nor business related purposes."  (ECF No. 42-4 ¶ 8.)

Ms. Caruthers is "61 years old" and has "been diagnosed with a heart condition."  (ECF No. 42-5 ("Decl. of Deborah Caruthers") ¶ 6.)  "On June 18, 2025, [she] had surgery because of this physical condition."  (ECF No. 42-5 ¶ 6.)  She declares under penalty of perjury that "[d]ue to [her] physical condition, [her] ability to travel long distances and particularly by airplane, is extremely limited."  (ECF No. 42-5 ¶ 7.)  Furthermore, she declares that she has "never visited Richmond, Virginia for business related reasons or for personal reasons."  (ECF No. 42-5 ¶ 8.)

## II.  Legal Standard

Federal Rule of Civil Procedure 30(b)(4) provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means."  Fed. R. Civ. P. 30(b)(4).  While this Rule "does not specify the showing that a party must make

---

[1] Pursuant to 28 U.S.C. § 1446, "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal[.]"  28 U.S.C. § 1446(a).

to support a motion for a remote deposition", generally courts "have held that the moving party must put forward 'a legitimate reason' to conduct the deposition remotely." *Macias v. Monterrey Concrete LLC*, No. 3:19CV830 (REP), 2020 WL 6386861, at *2 (E.D. Va. Oct. 30, 2020) (collecting cases).  After the movant makes this showing, the burden shifts to the opposing party to demonstrate how it would be prejudiced by a remote deposition. *Id.* (citation omitted). "The ultimate determination, however, is left to the discretion of the Court after carefully balancing the relevant facts." *Id.* (cleaned up).

Local Civil Rule 30(A) adds additional requirements when a party files a civil action in this division.  Local Civil Rule 30(A) provides that:

> Any party, or representative of a party (e.g., officer, director, or managing agent), filing a civil action in the proper division of this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within the division. Exceptions to this general rule may be made on order of the Court when the party, or representative of a party, is of such age or physical condition, or special circumstances exist, as may reasonably interfere with the orderly taking of a deposition at a place within the division.  A defendant, who becomes a counterclaimant, cross-claimant, or third-party plaintiff, shall be considered as having filed an action in this Court for the purpose of this Local Rule. This subsection shall not apply to an involuntary plaintiff or an interpleader plaintiff.

E.D. Va. Local Civ. R. 30(A).

### III.  Analysis

Plaintiffs oppose the taking of Mr. Graham's and Ms. Caruther's depositions remotely or in Florida, citing Local Rule 30(A) and contending that "Advon filed this action in this Court and must abide by the rules that Advon selected." (ECF No. 42-3, at 1.)  In their Opposition, they ask the Court "to enter an Order postponing the June 30 depositions until the proposed deponents' health conditions permit them to travel" to in-person depositions in the Richmond Division.  (ECF No. 46, at 8.)

As a threshold matter relevant to the Court's subject matter jurisdiction to hear this case, Plaintiffs argue in their Opposition that "Advon's SCC [Virginia State Corporation Commission] filings make it appear that Advon has a principal place of business and regularly conducts business in the Eastern District [of Virginia]." (ECF No. 46, at 4.) It then cites case law for the proposition that it is appropriate to depose a corporate officer in the district of the corporation's principal place of business. (ECF No. 46, at 4–5 (citing *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 472 (E.D. Va. 2010).)

As noted above, Advon removed this action on the basis of diversity jurisdiction. "For federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011). A corporation has only one principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). A corporation's principal place of business is "'where the corporation's high level officers direct, control, and coordinate the corporation's activities.'" *Cent. W. Virginia Energy*, 636 F.3d at 102 (quoting *Hertz*, 559 U.S. at 80 (2010).) Plaintiffs are both residents of Virginia. (ECF No. 27 ¶ 3.) Advon is incorporated in Florida. (ECF No. 27 ¶ 3.)

If Plaintiffs are correct that Advon's principal place of business is Virginia, then the Court would lack subject matter jurisdiction over this action. On this record, however, the Court sees no indication that Advon's high level officers direct, control, and coordinate Advon's activities from Virginia, even where it filed a document with the Virginia State Corporation Commission listing a "principal office address" in Virginia, Beach VA, (ECF No. 46-1, at 1). *See Cent. W. Virginia Energy Co.*, 636 F.3d at 102 (observing that "under *Hertz*, merely filing a government form listing a principal place of business, without more, would be insufficient to

4

establish a corporation's 'nerve center.'") In its Notice of Removal, Advon writes that its principal place of business is Tallahassee, Florida. (ECF No. 1, at 1.) For the purposes of diversity jurisdiction, the Court will continue to presume that Advon's principal place of business is Tallahassee, Florida and that it has subject matter jurisdiction over this case. If Plaintiffs disagree with the Court's presumption that it has subject matter jurisdiction over this case, they are DIRECTED to file a Motion to Remand.

Turning to the merits of Advon's Motion, Local Rule 30(A) is silent regarding the filing of a notice of removal. Plaintiffs unilaterally chose to initiate this action in the in the Circuit Court for the City of Richmond. After this occurred, Advon invoked its right to remove this action to a neutral federal forum. The only appropriate federal forum was the Richmond Division of the Eastern District of Virginia. *See* 28 U.S.C. § 1446(a). To date, Advon has not filed any counterclaims in this action. (*See generally*, ECF No. 34.)

It is doubtful that Advon is subject to Local Rule 30(A) where it did not choose to litigate this action in Virginia. *See In re Outsidewall Tire Litig.*, 267 F.R.D. at 471 ("[B]ecause a non-resident defendant ordinarily has no say in selecting a forum, an individual defendant's preference for a situs for his or her deposition near his or her place of residence—as opposed to the judicial district in which the action is being litigated—is typically respected.") Regardless, even if the Rule applies to Advon, both Mr. Graham's and Ms. Caruthers's health conditions "may reasonably interfere with the orderly taking of a deposition" in Richmond. E.D. Va. Local Civ. R. 30(A).

Advon requests that Mr. Graham's and Ms. Caruther's be deposed either "where Advon is headquartered, Tallahassee, Florida, or, alternatively, by remote means pursuant to Federal Rule of Civil Procedure 30(b)(4)." (ECF No. 43, at 1.) Plaintiffs strongly oppose deposing Mr.

Graham and Ms. Caruthers remotely. (ECF No. 46, at 6–8.) They cite the need to retain local Florida counsel (which would also be necessary if the depositions occurred physically in Florida), potential technical issues that may arise, the need to produce exhibits in advance of a remote deposition, and other costs associated with conducting a deposition remotely. (ECF No. 46, at 6–8.)

## IV. Conclusion

Exercising its broad discretion to determine the appropriate time and location for the depositions, carefully balancing the relevant facts, and for good cause shown, the Court GRANTS the Motion. (ECF No. 42.) Mr. Graham's and Caruthers's June 30, 2025 depositions are GENERALLY POSTPONED. They may be rescheduled to occur at Advon's headquarters in Tallahassee, Florida on a date mutually agreed upon by the parties.

It is SO ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 06/27/25
Richmond, Virginia

M. Hannah Lauck
United States District Judge